IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | *   Criminal No. JFM-13-078 |
| v. | *   Civil No. – JFM-15-3747 |
| | * |
| IRA TAYLOR | * |
| | ****** |

## MEMORANDUM

Ira Taylor has filed a motion under 28 U.S.C. §2255. The motion has been fully briefed. It will be denied.

Petitioner claimed in his original petition that his trial counsel was ineffective for not moving to dismiss count I on the grounds that the charge under 18 U.S.C. §922(g)(1) violated the Second Amendment. The Fourth Circuit has held to the contrary. *United States v. Moore*, 666 F.3d 213, 317 (4th Cir. 2012). In his reply memorandum, petitioner concedes that the Government's position is well taken. Petitioner next argues that his trial counsel was ineffective by failing to argue that his conviction under 18 U.S.C. §924(c) was improper because the drug charge was a misdemeanor because it involved a small amount of marijuana for no remuneration. There are three fallacies in this contention. First, the maximum priority for the distribution of marijuana was five years imprisonment. In *United States v. Hamlin*, 319 F.3d 666 (4th Cir. 2003), the Fourth Circuit held that his five years imprisonment was a "baseline" that established the distribution of marijuana as a felony. *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), relied upon by petitioner, does not dictate a contrary result. Section 924(c) does not require the comparison of one condition with another. Second, there was "remuneration" here. The victim was introduced to Taylor for the purpose of Taylor selling marijuana to him. Taylor robbed the

1

victim and took $85 in cash from him. Third, Section 841(b)(4) provides that if a defendant satisfies the requirements of the first provision, his sentence is governed by 28 U.S.C. §844(a). A sentence under that section may be enhanced to a maximum sentence of three years imprisonment though here the Government filed an 851 enhancement.

Third, petitioner argues that his trial counsel was ineffective for not seeking to defeat the Section 924(c) under *Rosemond v. United States*, 134 S. Ct. 1240 (2014). *Rosemond* is not relevant because petitioner was not convicted on an aiding and abetting theory. Petitioner also claims that his trial counsel was ineffective for not invoking the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2015). The jury made the determination that Taylor had "brandished his firearm," and it was within the province of this court to determine whether a "discharge" of a firearm had occurred.

Finally, to the extent that Taylor claims that his trial counsel and appellate counsel were ineffective in not challenging his sentence, the fact is that the sentence imposed upon him was within the statutory maximums and was imposed under 18 U.S.C. §3553.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: July 26, 2016

J. Frederick Motz
United States District Judge